<u>NOT FOR PUBLICATION</u>



**FILED**
JAMES J. WALDRON, CLERK

**APRIL 4, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: <u>s/ Ronnie Plasner,</u> DEPUTY

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 11-23707 (DHS) |
| **JEFFREY SCOTT SCHAUB** and **CINDY ANN SCHAUB**, | Adv. No.: 11-01811 (DHS) |
| Debtors. | Judge: Hon. Donald H. Steckroth |
| **RYAN T. MILLER,** | |
| Plaintiff, | |
| v. | |
| **JEFFREY SCOTT SCHAUB,** | |
| Defendant. | |

# **OPINION**

**APPEARANCES:**

**BRODERICK, NEWMARK & GRATHER**
Alan J. Baldwin, Esq.
20 South Street, Suite 3
Morristown, New Jersey 07960
*Attorneys for Plaintiff*

**LAW OFFICE OF JONATHAN STONE**
Jonathan Stone, Esq.
490 Schooley's Mountain Road - Bldg. 3A
Hackettstown, New Jersey 07840
*Attorney for Defendant*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are competing motions for summary judgment brought in an adversary proceeding to determine whether the claim of Ryan T. Miller ("Plaintiff") against Jeffrey Scott Schaub ("Debtor") is dischargeable pursuant to 11 U.S.C. 1328(a)(4), and specifically, whether the exception to discharge applies where judgment in a civil action for restitution or damages was not obtained prior to the filing of the bankruptcy petition.

The Plaintiff argues that section 1328(a)(4) explicitly restricts the Debtor's ability to discharge debt awarded against a debtor in a civil action for personal injury to an individual that resulted from willful or malicious injury by the debtor. The Debtor argues that the statutory language is in the past tense and, therefore, only applicable in cases where a judgment in a civil action has been conclusively "awarded" prior to the bankruptcy filing. The relevant facts are not in dispute.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiff alleges that on April 22, 2010, the Debtor assaulted him by repeatedly hitting him in the face, causing him serious bodily injury, including a fractured nose. (*See* Def.'s Br. in Supp. of Mot. to Dismiss, ¶ 8, Ex. A) On May 14, 2010, the Plaintiff filed a complaint against the Debtor in the Superior Court of New Jersey seeking damages for the above actions. (*Id.*) The Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on

April 30, 2011. As a result, the state court action is stayed and no judgment has been entered against the Debtor. Shortly thereafter, the Plaintiff filed a two-count adversary complaint seeking: (a) a determination that any award for the damages he allegedly suffered at the hands of the Debtor is nondischargeable and (2) relief from the automatic stay to proceed with the state action. The Debtor filed an answer. On June 21, 2011, the Debtor converted his case to Chapter 13. (*See* Pl.'s Br. in Opp'n to Mot. to Dismiss, p. 2)

On October 30, 2011, the Debtor filed a motion to dismiss the adversary complaint contending that the Plaintiff's claim is subject to discharge upon completion of his payments under his Chapter 13 Plan. (*See* Def.'s Br. in Supp. of Mot. to Dismiss, p. 4) The Plaintiff filed opposition, contending that his claim is nondischargeable pursuant to section 1328(a)(4). (*See* Pl.'s Br. in Opp'n to Mot. to Dismiss, p. 3) The Debtor points out that there are two decisions that split on the issue of dischargeability of postpetition judgments and, therefore, the motion to dismiss should be carried. (*See* Def.'s Letter in Further Supp., p. 2) The Plaintiff argued that more recent cases hold that all claims for damages for personal injuries caused by a debtor's willful or malicious injury are excepted from discharge, whether reduced to judgment or not. (Pl.'s Letter in Further Opp'n, p. 3) On January 4, 2012, the Court conducted a conference call to resolve a procedural dispute between the parties and the parties agreed that the Court would treat the Debtor's motion to dismiss and the Plaintiff's opposition as cross-motions for summary judgment to be decided on the papers.[1]

---

[1] The Plaintiff also cross-moved to amend his complaint to include an explicit reference to section 1328(a)(4). The Court finds that the Plaintiff has sufficiently presented all of the facts necessary to entitle him to relief under that Code section and accordingly, pursuant to Federal Rule of Civil Procedure 8(a)(2), he does not need to incorporate specific reference to section 1328(a)(4) in the complaint.

4

## DISCUSSION

### I. Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial." *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of

5

*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See Id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

**II.     Nondischargeability Under § 1328(a)(4)**

In 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act, P.L. No. 109-8, 119 Stat. 23 (Apr. 20, 2005), section 1328 was amended to expand the types of debts that are nondischargeable in a Chapter 13 bankruptcy proceeding. Subsection (a)(4) was added to except from discharge debt "for restitution, or damages *awarded* in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4) (emphasis added).

The issue here is whether the term "awarded" precludes the Plaintiff from asserting nondischargeability in this case because the state court action has not proceeded to trial or judgment. The Debtor relies on *In re Nuttall*, 2007 Bankr. Lexis 4628 (Bankr. D.N.J. Jan. 11, 2007), which held that only judgments entered prepetition are nondischargeable under section 1328(a)(4). The Plaintiff relies on a more recent decision, *Lepore v. Kerner*, 2010 U.S. Dist. Lexis 112590 (D.N.J. Oct. 20, 2010), which held that subsection (a)(4) excepts from discharge all damage claims resulting from a debtor's willful or malicious injury, regardless of whether judgment is entered prepetition.

The *Nuttall* court held that a prepetition award of restitution or damages for willful or malicious injury was a prerequisite to a finding of nondischargeability under section 1328(a)(4). *Nuttall*, 2007 Bankr. Lexis 4628; *see Parsons v. Byrd*, 388 B.R. 875 (Bankr. C.D. Ill. 2007). Both the *Nuttall* and *Lepore* courts emphasized the plain language of section 1328(a)(4) and the past tense in which it was drafted. *Lepore*, 2010 U.S. Dist. Lexis 112590, at *9; *Nuttall*, 2007 Bankr. Lexis 4628, at *9. Construing the words "awarded in" to be in the past-tense form in the statute, the *Nuttall* court found that a contingent and unliquidated claim, not yet reduced to judgment and thus awarded by a court of competent jurisdiction, may not be excepted from

discharge. *Nuttall*, 2007 Bankr. Lexis 4628, at *9-10 (citing 8 COLLIER ON BANKRUPTCY § 1328.02[k] (15th ed. 2006)).

Subsequent decisions, however, have held that section 1328(a)(4) contemplated that the required "award[]" may be entered after the filing of the debtor's bankruptcy petition. *See Lepore*, 2010 U.S. Dist. Lexis 112590, at *8; *see also Woods v. Roberts (In re Roberts)*, 431 B.R. 914 (Bankr. S.D. Ind. 2010); *Morrison v. Harrsch (In re Harrsch)*, 432 B.R. 169 (Bankr. E.D. Pa. 2010); *Waag v. Permann (In re Waag)*, 418 B.R. 373 (BAP 9th Cir. 2009); *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr. M.D. Pa. 2008).

With respect to the phrasing of the statute, the *Taylor* court rejected that the term "awarded" functioned as a past tense verb. *Taylor*, 388 B.R. at 119. Rather, the court found the phrase "awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury or the death of an individual" to be a "past participial phrase that serves as an adjective modifying the nouns 'restitution' and 'damages.'" *Id.* A past participle is simply the form of the verb used in the phrase and does not suggest past action. *Id.* As a past participle, "awarded" signifies "perfectiveness or completion" and is not restricted to past time. *Waag*, 418 B.R. at 379 (citing S. Chalker and E. Weiner, The Oxford Dictionary of English Grammar, at 282 and 286-87 (1994)).

This grammatical construction is similar to the form used in section 1328(a)(3), which provides that "[restitution and criminal fines] included in a sentence on the debtor's conviction of a crime" also are nondischargeable. *Taylor*, 388 B.R. at 119. The *Taylor* court emphasized that a past tense verb reading of the statute would render the term "included" in the previous section to mean that a criminal sentence must have been imposed before the petition is filed, yet, in a wide timeframe, no court has addressed this argument. *Id.* at 120. "By reading 'awarded' as part

of a participial phrase, the word is not rendered mere surplusage, but part of a phrase that describes what type of 'restitution' and 'damage' awards are protected from discharge." *Id.* at 119. Specifically, the past participle phrase defines the type of restitution, fines, and damages that are nondischargeable. *Id.* Accordingly, when section 1328(a)(4) is interpreted within the overall grammatical structure of section 1328(a), "it is plain that the statute does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed." *Id.* at 120.

The underlying policies of section 1328(a)(4) support an interpretation that does not require judgment be obtained prepetition in order to be nondischargeable. A contrary reading would undoubtedly produce an absurd result. *Taylor*, 388 B.R. at 121. While the plain meaning of legislation should be conclusive, a strict reading that yields a result demonstrably at odds with the intention of the drafters, or results in an outcome that can truly be characterized as absurd, permits a presiding court to find a rational interpretation thereof. The plain meaning of section 1328(a)(4), as noted in *Taylor* and *Nuttall*, effectively "pits a tortfeasor against his victim in a race to the courthouse." *Id.*; *Nuttall*, 2007 Bankr. Lexis 4628, at *9. As the Plaintiff correctly notes, a debtor could theoretically avoid civil liability by filing for relief under the Code on the eve of the jury's verdict. Such an interpretation would be contrary to "the fundamental, longstanding bankruptcy policy prohibiting . . . the discharge of a debt arising from a debtor's intentional and wrongful conduct and the recent importation of that principle into chapter 13." *Harrsch*, 432 B.R. at 175.

This Court, too, is reluctant to insulate a debtor's wrongful conduct based solely on the vagaries of timing. *Id.* Congress amended section 1328 in 2005 to expand nondischargeability under Chapter 13. It follows that Congress enacted section 1328(a)(4) in order to limit the

9

ability of debtors who incurred debts by causing willful or malicious injuries to discharge those debts in a Chapter 13 bankruptcy proceeding. Requiring, as a condition precedent, a prepetition judgment of liability, renders section 1328(a)(4) virtually meaningless.

Section 1328(a)(4) requires that the Debtor's conduct be "willful *or* malicious." *See* 11 U.S.C. § 1328(a)(4). Courts often determine whether conduct was "willful or malicious" through case law construing section 523(a)(6), which excepts from discharge any debt "for willful and malicious injury . . . ." 11 U.S.C. § 523(a)(6); *see Roberts*, 431 B.R. at 919. The term "willful" indicates that the injury must be "deliberate or intentional [], not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Thus, "there must be an actual intent to cause injury." *Roberts*, 431 B.R. at 919 (citing *Geiger*, 523 U.S. at 61) (internal quotation marks omitted). In the Third Circuit, an injury is willful and malicious where the wrongful action is "taken with substantial certainty of producing injury." *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 308 (3d Cir. 1994). Clearly, the allegations in the state court action set forth a claim for "willful or malicious" injury. Thus, any judgment rendered in the state action would fall within the bounds of section 1328(a)(4). Moreover, a finding of nondischargeability at this juncture is not premature. Section 1328(a)(4) excepts from discharge the Debtor's liability on a claim "whether or not such [] is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A).

In summary, this Court finds that in consideration of the alternative grammatical reading of the statute, the legislative intent behind promulgating section 1328(a)(4), and the practical implications of a contrary reading, the exception to discharge referenced in section 1328(a)(4) is not limited to prepetition awards of restitution or damages. Read in the appropriate context, the

statute does not intend to differentiate between prepetition and postpetition judgments. Contrary readings could cause "similarly situated creditors [to] be treated differently, and, further, it would allow a debtor to readily defeat a creditor's attempt to obtain a nondischargeable debt by filing a Chapter 13 petition any time before a final judgment was entered." *Lepore*, 2010 U.S. Dist. Lexis 112590, at *15. In light of the foregoing, the Debtor's motion for summary judgment is denied and Plaintiff's cross-motion is granted. The matter shall proceed to trial on the merits in the New Jersey Superior Court.

## CONCLUSION

For the reasons above, the Court holds that the exception to discharge referenced in section 1328(a)(4) is not limited to prepetition awards of restitution or damages. Accordingly, the automatic stay shall be lifted and the matter is to proceed to trial in the New Jersey Superior Court to be decided on the merits.

An Order in Conformance with this Opinion has been entered by the Court and is attached hereto.

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: April 4, 2012